UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEITH HARBIN-BEY,                       )
                                        )
                    Petitioner,         )        Case No. 1:05-cv-24
                                        )
v.                                      )        Honorable Gordon J. Quist
                                        )
BARBARA BOUCHARD,                       )
                                        )        **REPORT AND RECOMMENDATION**
                    Respondent.         )
_____ )

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be

summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court

has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4

includes those petitions which raise legally frivolous claims, as well as those containing factual

allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.

1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d)

prior to ordering the respondent to answer.  *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002).

After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year

statute of limitations.

**Discussion**

I.        Factual Allegations

Petitioner is currently incarcerated in the Alger Maximum Correctional Facility.  On September 13, 1995, Petitioner was convicted in the Ottawa County Circuit Court of first-degree murder, assault with intent to commit murder, assaulting an employee of a place of confinement, jail escape, possession of a firearm during the commission of a felony and being a felon in possession of a firearm.  Petitioner was sentenced as a third habitual offender to imprisonment of two years for the felony-firearm conviction, to be followed by concurrent terms of life imprisonment for both the murder and assault with intent to murder convictions, imprisonment of 64 to 96 months for the escape and assault on a jail employee convictions, and 80 to 120 months for the possession of a firearm by a felon conviction.

Petitioner appealed his conviction as of right in the Michigan Court of Appeals.  The court of appeals affirmed Petitioner's convictions in an unpublished opinion issued on January 23, 1998, and the Michigan Supreme Court denied his application for leave to appeal on November 24, 1998.

Thereafter, Petitioner filed a motion for relief from judgment in the Ottawa County Circuit Court.  The court denied his motion on April 5, 2001.  The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on July 25, 2002 and February 28, 2003, respectively.  Petitioner now raises ten grounds for habeas corpus relief.

II.        Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA").  Prior to enactment

- 2 -

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections

do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year

limitation period runs from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review."  According to paragraph nine of

Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and

Michigan Supreme Court.  The Michigan Supreme Court denied his application on November 24,

1998.  Petitioner did not petition for certiorari to the United States Supreme Court, though the

ninety-day period in which he could have sought review in the United States Supreme Court is

counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

ninety-day period expired on February 22, 1999. Accordingly, Petitioner had one year, until February 22, 2000, in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or "restart the clock;" it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.

Petitioner does not indicate when he filed his motion for relief from judgment. For purposes of this report and recommendation, I will give Petitioner the benefit of assuming that the motion was filed on or before the date that the statute of limitations began to run on February 28, 1999. The trial court denied the motion for relief from judgment on April 5, 2001. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on July 25, 2002 and February 28, 2003, respectively. Petitioner also is entitled to the time for seeking review of the state's final judgment on that application in the United States Supreme Court regardless of whether the petitioner actually petitions the Supreme Court to review the case. *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied*, 124 S. Ct. 2388 (2004). Accordingly, the statute of limitations remained tolled until May 29, 2003. Thereafter, Petitioner

had one year, until May 29, 2004, in which to file his habeas petition.  The instant petition was filed

no earlier than January 3, 2005, more than six months after the statute of limitations expired.[2]

The one-year limitation period applicable to § 2254 is a statute of limitations subject

to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner

bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d

396, 401 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th

Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit has repeatedly

cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Jurado*, 337 F.3d

at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009.  There

are five factors to be considered in determining whether equitable tolling applies:  (1) the petitioner's

lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the

filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent;

and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his

claim.  *Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)).  These five

factors are not necessarily comprehensive, and one or more factors may not be relevant in a particular

case.  *See Jurado*, 337 F.3d at 643.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that

would warrant its application in this case.  The fact that Petitioner is untrained in the law, was

proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner's application was notarized on January 3, 2005, and it was received by the Court on January 10, 2005. Thus, it must have been handed to prison officials for mailing at some time between January 3 and 10. For purposes of this report and recommendation, I gave Petitioner the benefit of the earliest possible filing date.

period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Dated: April 19, 2005          /s/ Hugh W. Brenneman, Jr.
                               Hugh W. Brenneman, Jr.
                               United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).