UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH HARBIN-BEY,

    Petitioner,

v.                                          Case No. 1:05-CV-24

BARBARA BOUCHARD,               HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The court has before it Petitioner's Objections To Magistrate's Report and Recommendation dated April 19, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised ten grounds for relief in his habeas petition. The magistrate judge recommended that the petition be denied because it was barred by the one-year statute of limitations. Petitioner contends that the magistrate judge's recommendations are erroneous. Petitioner admits that he is not entitled to equitable tolling. However, Petitioner argues that the state court has never addressed the ten grounds raised in his petition, and thus pursuant to 28 U.S.C. § 2254(d), this court should review these grounds *de novo*. Having conducted a *de novo* review of the report and recommendation, the court concludes that the report and recommendation should be adopted.

Pursuant to 28 U.S.C. § 2244(d)(1), the petition is barred by the one-year statute of limitations. The trial court denied Petitioner's motion for relief from judgment on April 5, 2001. The Michigan Court of Appeals and the Michigan Supreme Court denied the leave to appeal on July 25, 2002, and February 28, 2003, respectively. Because Petitioner was entitled to the time for seeking review in the United States Supreme Court, the statute of limitations remained tolled until

May 29, 2003. Therefore, Petitioner has one year, until May 29, 2004, to file this petition. However, this petition was filed on January 3, 2005, more than six months after the statute of limitations expired. In addition, Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in the instant case. Therefore, the petition is time barred.

Petitioner also moves to stay the habeas proceeding. Petitioner contends that the ninth ground raised in his petition involves the admission of a statement that violated the Confrontation Clause. Petitioner further contends that the decision in *Crawford v. Washington*, 541 U.S. 36 (2004) affects the ruling of the ninth ground. Petitioner asks the court to stay the petition so that he could present the issue to the state court. The Supreme Court in *Crawford* ruled that out-of-court statements by witnesses that are testimonial are barred under the Confrontation Clause, unless the witnesses are unavailable or the defendant had prior opportunity to cross-examine them. *Id.* at 59. The court will deny the motion to stay proceeding because the ninth ground is time barred.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 19, 2005 (docket no. 3), is **APPROVED AND ADOPTED** as the Opinion of this court.

**IT IS FURTHER ORDERED** that Petitioner's Response To Report And Recommendation (docket no. 7) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion To Stay Habeas Corpus (docket no. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (docket no. 1) is **DENIED**.

Dated: September 8, 2005            /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE